**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

        Plaintiff

v.

Phillip Shiel,

        Defendant

Case No.: 2:18-cr-00144-JAD-EJY-3

**Order Denying Motion to Vacate § 924(c) Conviction under *United States v. Davis***

[ECF No. 242]

In 2019, Phillip Shiel pled guilty to several charges for a series of armored-truck robberies he committed years before.[1]  The charges included brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A) and interference with commerce by robbery under the Hobbs Act.[2]  As part of his plea agreement, Shiel waived his right to challenge his sentence on direct appeal or collateral attack under 28 U.S.C. § 2255.[3]  Shiel received a sentence of 54 months for the robbery and conspiracy counts, plus 84 months for the firearm count, for a total sentence of 138 months.[4]

At the time of Shiel's conviction, § 924(c) offered two ways for an underlying offense to constitute a "crime of violence."  But in 2019, the United States Supreme Court struck down one of them as unconstitutionally vague in *United States v. Davis*.[5]  While Shiel did not appeal, he now asks this court to vacate his firearm conviction under § 2255, arguing that, under *Davis*, neither aiding and abetting nor completing a Hobbs Act robbery is a crime of violence.  I deny

---

[1] ECF No. 135.

[2] 18 U.S.C. § 1951.

[3] ECF No. 135 at 13.

[4] ECF No. 158 at 3.

[5] *United States v. Davis*, 139 S. Ct. 2319 (2019).

1  Shiel's motion because aiding and abetting is a method of liability, not a separate crime, and the

2  Ninth Circuit has since held that Hobbs Act robbery is a crime of violence under § 924(c)'s

3  remaining clause,[6] so his conviction remains valid despite the *Davis* holding.

**Discussion**

5  Section 924(c) carries heightened criminal penalties for defendants who use, carry, or

6  possess a firearm during and in relation to a "crime of violence." The statute defines "crime of

7  violence" in two subsections. First, the "elements clause" defines a crime of violence to include

8  a felony that "has as an element the use, attempted use, or threatened use of physical force

9  against the person or property of another."[7] Second, the "residual clause" includes any felony

10 "that[,] by its nature, involves a substantial risk that physical force against the person or property

11 of another may be used in the course of committing the offense."[8] But in 2019, the High Court

12 held in *United States v. Davis* that the residual clause's crime-of-violence definition is

13 unconstitutionally vague.[9]

14 Relying on *Davis*, Shiel contends that his § 924(c) conviction must be vacated because

15 neither aiding and abetting a Hobbs Act robbery nor a completed robbery constitutes a crime of

16 violence.[10] The government opposes his motion, arguing that Shiel waived his opportunity to

17 challenge this conviction. It adds that his challenge is procedurally defaulted and fails on its

18 merits because the Ninth Circuit recently foreclosed such a challenge in *United States v.*

---

20 [6] I find that no evidentiary hearing is warranted in light of clear Ninth Circuit authority.

21 [7] 18 U.S.C. § 924(c)(3)(A).

   [8] *Id.* § 924(c)(3)(B).

22 [9] *Davis*, 139 S. Ct. at 2336.

23 [10] The government does not dispute Shiel's arguments that *Davis* is retroactive or that his motion is timely. So I assume without deciding the timeliness of Shiel's motion and I deny this motion on other grounds.

1 | *Dominguez*[11] when it held that Hobbs Act robbery remains a crime of violence under § 924(c)'s

2 | elements clause.

3 | **I.      Shiel didn't waive this collateral challenge.**

4 |       The government contends that Shiel waived his right to challenge his § 924(c) conviction

5 | in his plea agreement, which contained an express waiver to bring any collateral challenges,

6 | including those brought under 28 U.S.C. § 2255.[12]  But as the government concedes, in the Ninth

7 | Circuit, "[a] waiver of appellate rights will . . . not apply if a defendant's sentence is 'illegal,'

8 | which includes a sentence that 'violates the Constitution.'"[13]  Because Shiel argues that *Davis*

9 | invalidated his § 924(c) conviction and alternatively that his § 924(c) conviction is illegal under

10 | the remaining-elements clause, his plea waiver doesn't bar this motion.

11 | **II.     Shiel procedurally defaulted his claim for relief.**

12 |       A defendant who fails to raise a claim on direct review is deemed to have procedurally

13 | defaulted it and may only raise it later in a habeas petition if he can demonstrate cause and actual

14 | prejudice, or actual innocence.[14]  The government argues that the basis for Shiel's motion was

15 | available to him before *Davis* was decided and he can't show prejudice because Hobbs Act

16 | robbery remains a crime of violence in the Ninth Circuit.  Shiel responds that the procedural-

17 | default rule doesn't apply to his motion because his claim is based on a jurisdictional defect.  He

18 | adds that cause exists because his *Davis*-based argument wasn't available to him during the

19 | window to appeal because it may have been futile.  Shiel bears the burden to show cause and

20 | prejudice, and he has failed to do so.

---

[11] *United States v. Dominguez*, 954 F.3d 1251, 1255 (9th Cir. 2020).

[12] ECF No. 256 at 12–13; ECF No. 135 at 13.

[13] *United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016); ECF No. 256 at 12 n.53.

[14] *Bousley v. United States*, 523 U.S 614, 622 (1998) (citations omitted).

### A.     Shiel's jurisdictional-defect argument is without merit.

Shiel argues that his claim is exempt from the procedural-default rule because it ultimately challenges this court's jurisdiction.  He cites *United States v. Montilla*[15] for the proposition that his claim challenges the constitutionality of applying the Hobbs Act to § 924(c) and that the indictment fails to state an offense.[16]  The Ninth Circuit's holding in *United States v. Chavez-Diaz*[17] forecloses this argument.  In *Chavez-Diaz*, the court explained that the jurisdictional exception "applies 'where on the face of the record the court had no power to enter the conviction or impose the sentence.'"[18]  Thus, these limited challenges are predicated on scenarios "where [an] appeal, if successful, would mean that the government cannot prosecute the defendant *at all*."[19]  Shiel's challenge does not raise a jurisdictional defect excused from the procedural-default rule because he doesn't argue that the government lacked the power to prosecute him for these acts or that Congress lacked the power to pass either statute.[20]

### B.     Shiel cannot show cause to excuse his default.

A defendant may demonstrate cause by showing that his claim is "so novel that its legal basis is not reasonably available to counsel."[21]  Shiel argues that even though *Davis* was decided before he was sentenced, cause exists because his motion raises an issue that "may have been

---

[15] *United States v. Montilla*, 870 F.2d 549 (9th Cir. 1989).

[16] ECF No. 263 at 3.

[17] *United States v. Chavez-Diaz*, 949 F.3d 1202, 1208 (9th Cir. 2020).

[18] *Id.* (citing *United States v. Broce*, 488 U.S. 563, 569 (1989)).

[19] *Id.* (citation omitted) (emphasis in original).

[20] *See id.* at 1208–09.

[21] *Reed v. Ross*, 468 U.S. 1, 16 (1984).

1  futile."[22]  But this futility argument is unpersuasive because "futility cannot constitute cause if it

2  means simply that a claim was 'unacceptable to that particular court at that particular time.'"[23]

3         Shiel has failed to otherwise show cause because, at the time of his plea, "the Federal

4  Reporters were replete with cases involving [similar] challenges."[24]  Though Shiel briefly argues

5  that *Davis* invalidated his § 924(c) conviction if it were based on the residual clause, his motion

6  centers on a challenge to his § 924(c) conviction under the elements clause.[25]  Shiel was

7  sentenced in July 2019.[26]  At that point, several defendants in this district and in the Ninth

8  Circuit had unsuccessfully raised similar challenges to § 924(c) elements-clause convictions.[27]

9  Even if Shiel's motion is based solely on *Davis*, Shiel was sentenced a month after *Davis* was

10  decided.  And the *Davis* holding confirms that the vagueness challenge to the residual clause was

11  heavily litigated "among the lower courts"[28] during the pendency of Shiel's prosecution, and this

12  district was no exception.[29]  Thus, these challenges were available to him at the time of his plea

13  and Shiel has failed to demonstrate cause.

14

15

16

---

17  [22] ECF No. 263 at 14.

   [23] *Bousley*, 523 U.S. at 623 (quoting *Engle v. Isaac*, 456 U.S. 107, 130 n. 35 (1982)).

18  [24] *Id.* at 622.

19  [25] ECF No. 263 ("[I]t may have been futile . . . to have pursued a challenge under the elements clause, the statute under which [Shiel] was convicted.").

20  [26] ECF No. 158.

21  [27] *See, e.g.*, *United States v. Smith*, 215 F. Supp. 3d 1026, 1033 (D. Nev. 2016).

   [28] *Davis*, 139 S. Ct. at 2325.

22  [29] *See, e.g.*, *Smith*, 215 F. Supp. 3d at 1035; *United States v. Hayes*, No. 3:13-cr-00007, 2017 WL

23  58578, at *1 (D. Nev. Jan. 5, 2017); *United States v. Johnson*, No. 2:15-cr-220, 2016 WL 2743506, at * 1 (D. Nev. May 11, 2016); *United States v. Bundy*, No. 2:16-cr-00046, 2016 WL 8730142, at *11 (D. Nev. Dec. 30, 2016).

**C.      Shiel cannot establish prejudice.**

Even if Shiel could show cause, he cannot establish prejudice because Hobbs Act robbery remains a crime of violence in the Ninth Circuit under the elements clause.[30]  Despite this clear mandate from the Ninth Circuit, which binds this court,[31] Shiel argues that a completed Hobbs Act robbery is an insufficient predicate offense for § 924(c) under the elements clause because one can commit a Hobbs Act robbery without violence.  He adds that, even if a Hobbs Act robbery is a valid predicate offense, aiding and abetting one is not.  Recent opinions from the Ninth Circuit foreclose both of Shiel's arguments.

### 1.      *Hobbs Act robbery is a crime of violence under the elements clause.*

After *Davis*, courts have been confronted with the question of whether a § 924(c) conviction based on a Hobbs Act robbery can stand under the remaining elements clause.  The Ninth Circuit answered that question with an emphatic "yes" in *United States v. Dominguez*: "In light of recent Supreme Court cases, we . . . reiterate our previous holding that Hobbs Act armed robbery is a crime of violence for purposes of 18 U.S.C. § 924(c)(3)(A)."[32]  Acknowledging that *Dominguez* is binding on this court, Shiel argues that *Dominguez* was wrongly decided because it conflicts with *United States v. Grisel*,[33] a case decided en banc by the Ninth Circuit.  But given its binding effect, Shiel notes that he raises his challenge merely because "*Dominguez* . . . will likely proceed to further review" and he "thus preserves his argument" in this motion.[34]

---

[30] *Dominguez*, 954 F.3d at 1255.

[31] *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017) ("[A] published decision of this court constitutes binding authority [that] must be followed unless and until [it is] overruled by a body competent to do so." (internal quotation marks omitted)).

[32] *Dominguez*, 954 F.3d at 1255.

[33] *United States v. Grisel*, 488 F.3d 844, 850 (9th Cir. 2007) (en banc).

[34] ECF No. 263 at 13.

As the *Dominguez* court pointed out, every circuit to consider the argument that Shiel makes here has rejected it.[35]  And seemingly finding that *Dominguez* was not at odds with en banc precedent, the Ninth Circuit again considered and rejected this argument in *United States v. Tuan Ngoc Luong*[36] and numerous unpublished opinions.[37]  Similarly, courts in this district have routinely rejected the contention that a Hobbs Act robbery cannot be a predicate offense for a § 924(c) conviction.[38]  Because I am bound by the Ninth Circuit's holding in *Dominguez*, I decline Shiel's invitation to disregard it or the approach employed by the overwhelming number of courts that have considered his argument.

### 2.     *Aiding and abetting Hobbs Act robbery is a sufficient predicate offense.*

Shiel primarily argues that his § 924(c) conviction was invalid because aiding and abetting a Hobbs Act robbery is not a crime of violence under the elements clause.[39]  The government responds that aiding and abetting is merely a method for establishing liability, and not a separate crime.  But the Ninth Circuit recently ended this debate in *United States v. Henry*[40] when it reaffirmed the principle that defendants who aid and abet crimes are liable for the

---

[35] *Id.* (citing cases).

[36] *United States v. Tuan Ngoc Luong*, 965 F.3d 973, 990 (9th Cir. 2020).

[37] *See, e.g.*, *United States v. Hernandez*, 831 F. App'x 300, 301 (9th Cir. 2020) (unpublished); *United States v. Lavert*, 830 F. App'x 894, 894 (9th Cir. 2020) (unpublished) ("[T]his argument is foreclosed by circuit precedent."); *United States v. Wells*, 827 F. App'x 664, 667 (9th Cir. 2020) (unpublished) ("This argument, however, is foreclosed by our recent opinion in *United States v. Dominguez . . .* [where] we rejected many of the same arguments."); *United States v. Sleugh*, 827 F. App'x 645, 649 (9th Cir. 2020) (unpublished).

[38] *See, e.g.*, *Smith*, 215 F. Supp. 3d at 1035; *United States v. Sefo*, No. 3:16-cr-00052, 2020 WL 7409595, at *3 (D. Nev. Dec. 17, 2020); *United States v. Knight*, No. 3:19-cr-00038, 2020 WL 2128659, at *1 (D. Nev. May, 5, 2020); *United States v. Humphrey*, No. 2:18-cr-00191, 2020 WL 1853609, at *2 (D. Nev. Apr. 13, 2020).

[39] *See* ECF No. 242 at 10–17.

[40] *United States v. Henry*, No. 19-50080, 2021 WL 46204, at *9 (9th Cir. Jan. 6, 2021).

underlying offense as a principal.  In *Henry*, the defendant was charged with various bank-robbery offenses and under § 924(c) for his role in a series of California bank robberies.[41]  The defendant argued that the jury—when given the opportunity to convict him for the robberies as a conspirator under *Pinkerton v. United States* or under the aiding-and-abetting statute—chose *Pinkerton*, which was insufficient to sustain a § 924(c) conviction.[42]  He argued that because *Pinkerton* "did not require the jury to find that [the defendant] himself intentionally used, attempted to use, or threatened to use physical force," his ultimate § 924(c) conviction was invalid.[43]  Although it was unclear whether the jury relied on *Pinkerton* or aiding and abetting to convict the defendant, the *Henry* panel held that it was a distinction without a difference because the defendant's "convictions [were] valid under either."[44]  Pointing to several circuit courts that reached the same conclusion, the panel found that the "argument [that aiding and abetting cannot underly a § 924(c) conviction] fails because armed bank robbery . . . does have violence as an element" and "[d]efendants found guilty of armed bank robbery under a *Pinkerton* or aiding-and-abetting theory are treated as if they committed the offense as principals."[45]

*Henry*'s holding makes clear that, because aiding and abetting is a theory of liability and not a separate offense, the question is not how the defendant was charged but whether the underlying offense contains an element of violence.  Because the Ninth Circuit has affirmed that Hobbs Act robbery is a crime of violence under the elements clause,[46] whether Shiel was

---

[41] *Id.* at *2.

[42] *Id.* at *8.

[43] *Id.* at *9.

[44] *Id.* at *8.

[45] *Id.* at *9.

[46] *See Dominguez*, 954 F.3d at 1255.

1  convicted as a principal or as an aider and abettor for the robbery makes no difference.  Shiel's

2  § 924(c) conviction is valid because aiding and abetting isn't a separate crime but instead a

3  theory of liability,[47] foreclosing his ability to make a showing of prejudice.

4          The *Henry* court's approach accords with controlling Supreme Court precedent that has

5  made clear that determining whether a crime qualifies as one of violence requires courts to

6  follow the categorical approach[48] under which "the sole focus is on the elements of the relevant

7  statutory offense" and "not on the facts underlying the convictions."[49]  18 U.S.C. § 2 alone

8  cannot be the predicate offense to support a conviction under § 924(c)—not because it lacks an

9  element of force like Shiel argues, but because that statute "does not define a separate offense

10  but rather makes punishable as a principal one who aids or abets another in the commission of a

11  substantive offense."[50]  Even if Shiel only "facilitated" the Hobbs Act robberies, "all indictments

12  for substantive offenses must be read as if the alternative provided by 18 U.S.C. § 2 were

13  embodied in the indictment."[51]  Because aiding and abetting doesn't define a predicate offense

14  but a method of liability, considering whether an individual acted as the principal or as an aider

15  or abettor—instead of whether the offense he aided or abetted is a crime of violence—violates

16

17

18

19  ───────────────
   [47] *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982) ("[T]he aiding and abetting
20  statute provides a means of establishing liability but does not itself define a crime. . . .") (internal
   citation omitted)).

21  [48] *Davis*, 139 S. Ct. at 2327.

22  [49] *Dominguez*, 954 F.3d at 1259.

   [50] *Londono-Gomez v. Immigr. and Naturalization Serv.*, 699 F.2d 475, 476 (9th Cir. 1983)
23  (citation omitted).

   [51] *United States v. Gaskins*, 849 F.2d 454, 458 (9th Cir. 1988) (citations omitted).

                                          9

the Supreme Court's mandate to consider only the elements of the substantive offense and not the underlying case-specific facts.[52]

### Conclusion

IT IS THEREFORE ORDERED that Shiel's motion to vacate his § 924(c) conviction under § 2255 **[ECF No. 242] is DENIED**.  And because reasonable jurists would not find this determination debatable, wrong, or deserving of encouragement to proceed further,[53] **I decline to issue a certificate of appealability**.  The Clerk of Court is **DIRECTED to enter a separate civil judgment denying Shiel's § 2255 petition and denying a certificate of appealability**. The Clerk must also file this order and the civil judgment in this case and in the related civil case: 2:20-cv-01354-JAD.

_____
U.S. District Judge Jennifer A. Dorsey
January 22, 2021

---

[52] *Cf. United States v. Garcia-Ortiz*, 904 F.3d 102, 109 (1st Cir. 2018) ("This argument simply states the mandate of 18 U.S.C. § 2, which makes an aider and abettor 'punishable as a principal,' and thus no different for purposes of the categorical approach than one who commits the substantive offense.").

[53] 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).